SEABOARD SECURITY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SEABOARD SMALL LOAN CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SOUTHERN SECURITY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 79970, 79971, 79972, 79973. Promulgated September 20, 1938.

*J. Robert Sherrod, Esq., Norman B. Frost, Esq.,* and *O. H. Chmillon, Esq.,* for the petitioners.

*DeWitt M. Evans, Esq.,* and *J. M. Morawski, Esq.,* for the respondent.

564

OPINION.

MURDOCK: These cases are separate, although they were heard together. The question in each is whether that particular petitioner was formed or availed of within the taxable year for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting its gains and profits to accumulate instead of being divided or distributed. Sec. 104 (a) of the Revenue Acts of 1928 and 1932. The purposes behind the formation of these corporations have been explained by the witnesses. They were business purposes as opposed to tax reducing or avoiding purposes. There was no thought of avoiding surtaxes upon Appleby, who was the sole original stockholder. We have no hesitation in holding that none was formed for the purpose described in section 104.

The question of whether any one, or more, was availed of for that purpose is somewhat more difficult to answer because it involves consideration of a complication of figures in each case. These were not mere holding or investment companies within the meaning of section 104 (b), nor has the Commissioner made any finding that any one had permitted its gains and profits to accumulate beyond the reasonable needs of its business. The evidence indicates that such was not the case.

Seaboard Small Loan in 1931 was using almost all of its available funds in its business. That business fell off somewhat in 1932 and the corporation had more funds than it was able to use in that particular year. But the reasonably anticipated needs of the future would absorb all of those excess funds. Those in charge believed that the demand for small loans would increase as soon as business recovered somewhat and then all of the available funds would be used in the business once more. There is no evidence to the contrary. Subsequent events bore out the expectation which the witnesses had in 1931 and 1932.

Appleby paid but little Federal income tax. In some years he could have received increased dividends from these corporations without having to pay any tax or no more than a negligible amount. His

reason for not paying dividends was not to avoid taxes on the shareholders, but was to build up the business of the corporations so that they could earn more. The business was able to absorb the earnings just about as fast as they were realized. Cash was the stock in trade of these corporations, and they had to have an ample supply constantly and readily available. Their business was a highly competitive one. They were relatively small corporations as compaied to their principal competitors. The business was rather risky. Large amounts were lost annually in bad debts. Adverse legislation was a threat. Considering all of the circumstances, it seems reasonably clear that no one of these three corporations ever had on hand an excess of earnings beyond the reasonable needs of its business.

Appleby did not withdraw funds from the business for his own use either directly through loans or indirectly through any other channel. The trustee accounts were not used by him for that purpose. The evidence shows that those accounts had a real business purpose and that they did not benefit Appleby personally in any way, except that they enabled him to conduct the business of these corporations more conveniently. The corporations at most times owed him more than he owed them. Appleby was constantly trying to build up Seaboard Small Loan to the point where bankers and investors would be interested in it as a credit risk. He seems to have attained his goal a few years after the years in question. But even during these years he was not merely putting earnings aside for the future but was currently using those earnings except as business temporarily declined during the unusual business depression.

*Decision will be entered under Rule 50.*